[No. 15311. Department One. August 18, 1919.]

B. BERNSTEIN et al., as Astoria Junk Company, Respondents, v. FRANK SCHWARTZ, as Alaska Junk Company, Appellant.[1]

PRINCIPAL AND AGENT (6)—EVIDENCE OF AGENCY—ADMISSIBILITY. Where there was no proof that an agent had made a contract to buy certain junk, or had authority to do so, it is not error to exclude evidence of agency generally.

SAME (39)—EVIDENCE AS TO AUTHORITY—ADMISSIBILITY. Upon an issue as to an agent's authority to buy junk for defendant, a special agency to make contracts with another particular person is immaterial.

SAME (37)—POWERS—COLLECTING AGENT—POWER TO MODIFY. A collecting agent presumptively has no authority to rescind a contract, and where he was advised by wire not to do so, the jury is properly instructed that, as a matter of law, he had no power to modify the contract.

Appeal from a judgment of the superior court for King county, Smith, J., entered December 5, 1918, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*Reynolds & Harroun,* for appellant.
*Jones & Riddell,* for respondent.

MITCHELL, J.—The Alaska Junk Company, through its agent, purchased from the Astoria Junk Company one hundred and fifty tons of mixed scrap iron, at

[1]Reported in 183 Pac. 105.

Astoria, Oregon, upon a personal examination of it by the agent. Later the contract was reduced to writing and signed by both parties in Seattle. After partial delivery and part payment, the purchaser refused to further carry out the contract, and this suit was brought to recover damages for its breach. The Alaska Junk Company defended, relying on an alleged modification of the contract to the prejudice of plaintiff's rights. Plaintiff denied the contract had been modified. There was a jury trial, resulting in a judgment in favor of plaintiff, from which judgment the defendant has appealed.

There are seven assignments of error. Assignments numbered 1 and 2 refer to the signing and entry of judgment and denying a motion for a new trial, and are controlled by the disposition made of the other assignments. Assignments numbered 3, 4 and 5 relate to the alleged modified contract, claimed by appellant to have been signed for respondent by S. E. Mesher, unsuccessfully offered in evidence, and the question of the agency of Mesher in connection therewith. Mesher was not a witness at the trial. There is no proof that he ever acted with any authority in any dealing between the parties to this suit up to and including the making of the contract. The so-called modified contract has the purported signature of respondent by Mesher. Upon identification of it by appellant, it was offered in evidence and properly refused until the agency of Mesher was shown. Attempt was made to show such agency in a general way, and also by a peculiar circumstance.

It is clear the original contract, which was made in duplicate, was not signed at all by respondent on the duplicate kept by appellant, and later when Mesher, as collecting agent for respondent, received a payment on the contract, he signed a receipt therefor, written

on the duplicate held by appellant in such way and place that at the trial appellant attempted, with poor grace and manifest hedging, to say that the signature of S. E. Mesher was to the contract as such, although the same witness otherwise testified he did not remember if Mesher was present on the day the contract was made and signed; and a number of other witnesses— indeed, all others on both sides who testified on the subject at all—said either that Mesher was in Oregon on that day or that they did not remember his being present at the time the contract was signed. At the conclusion of all the evidence on this particular point— in fact, at the conclusion of all the evidence in the case, the trial judge, referring to such signature of Mesher under the receipt written on the duplicate contract held by appellant, remarked: ''It is not signed as a contract. He put his signature not to the contract. He put his signature to the receipt at the bottom, as a receipt for four hundred dollars,'' to which ruling counsel for appellant not only did not take any exception, but said: ''That is a matter of course;'' but still claimed there was a showing generally of the agency of Mesher to make a modified contract. Thus having failed to show that Mesher, as agent, had signed the contract, it is contended the court erroneously excluded evidence tending to show agency generally. In this respect, after appellant's manager had testified that salesmen for different junk houses had authority to draw up and enter into contracts, appellant's attorney—not its present attorneys, however—(in the absence of any proof that Mesher had ever acted as a salesman for respondent) commenced a question, ''And if S. E. Mesher was a salesman for the Astoria Junk Company—'' at which juncture an objection was made that it was immaterial, the question being what was done in this particular case, and that the witness had

already testified he could not say if Mesher had author-
ity to enter into a contract for his house. The objec-
tion was properly sustained. Further, in this regard,
appellant attempted to show, by an officer of the North-
west Junk Company, that it had made contracts with
this respondent through Mesher. The attempt and
character of the agency were narrowed as indicated by
an offer to show that Mesher had made contracts with
the Northwest Junk Company, and that it was cus-
tomarily understood in the trade that he was com-
petent to make contracts with the Northwest Junk
Company. It was unimportant in the present case to
show a special agency to make contracts with another
particular person.

The sixth assignment of error refers to an instruc-
tion given the jury. It is claimed the court erroneously
advised, as a matter of law, that Mesher had no author-
ity to make any modified contract for the Astoria Junk
Company. Upon the whole record, we think the in-
struction was clearly right. The attempt of appellant
to show that Mesher had authority to make a contract
for respondent had wholly failed, and besides, pre-
sumptively, an agent employed to make contracts has
no power to rescind them. His duty is to acquire inter-
ests, not to give them away; nor has he any implied
power to waive or give up rights or interests of his
principal. 31 Cyc. 1387. In this case, Mesher was only
a collection agent of respondent, and called upon appel-
lant for that purpose. In the course of delivery of the
goods from Astoria, Oregon, to Seattle, a presidential
proclamation had ordered an embargo upon the export
of scrap iron which greatly reduced its market value.
Appellant refused to pay for a car of the iron shipped,
and Mesher was sent to make collection. On reaching
Seattle, appellant insisted on a cancellation or modifi-
cation of the contract, claiming the goods were unsatis-

factory. Mesher wired for advice, and received a reply from respondent not to cancel the contract, but to tell the Alaska Junk Company they would be held to their contract and that remaining cars would be shipped within the specified time. At the trial, this dispatch of respondent's was admitted in evidence with the consent of appellant's counsel. It was after the receipt of the telegram by Mesher that the so-called modified contract was made. Obviously, the trial court was right, under all the circumstances and evidence, in giving the instructions now complained of.

The seventh assignment of error refers to the refusal of the court to give a requested instruction permitting the jury to determine if there was a modification of the contract that was binding upon respondent. What we have just said concerning the sixth assignment of error disposes of this adversely to appellant.

As to the quality of the goods, part of which was delivered and others tendered, although there was some testimony on behalf of appellant that they were not up to grade, respondent's proof was that they were the particular goods examined by and sold to appellant. The matter of the quality or identity of the goods and of the account between the parties were questions of fact for the jury, whose verdict is supported by ample proof.

Judgment affirmed.

HOLCOMB, C. J., MACKINTOSH, MAIN, and TOLMAN, JJ., concur.